**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **Samuel Birth,** | : | |
| Plaintiff, | : | |
| | : | |
| **vs.** | : | **Case No. _____** |
| | : | |
| **Michele Ray, N.J. State Trooper** | : | |
| **John Does 1-20** | : | |
| Defendants. | : | |
| | : | |

## CIVIL COMPLAINT

Plaintiff, **SAMUEL BIRTH** ("Mr. Birth" or "Plaintiff"), residing in the Villas and the State of New Jersey, by way of complaint against Defendant says:

## PRELIMINARY STATEMENT

1.      This is an action seeking damages pursuant to the Ku Klux Klan Act (42 U.S.C. § 1983) for violations of the Fourth and Fourteenth Amendments committed under color of state law.

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, as one or more causes of action arise under the United States Constitution and Federal Law.

3.      Venue is proper in this District as it is either the District in which Defendants reside or the District in which the claims arose.

4.      Specifically, all transactions material to the instant suit occurred in Atlantic County, New Jersey.

5.      The Plaintiff, Samuel Birth, is an adult individual residing at 131 Cedardale

Avenue, Villas, New Jersey.

6.     Defendant, Michelle Ray, is an adult individual whom at all relevant times was employed as a New Jersey State Trooper by the Defendant, State of New Jersey.

7.     At all times relevant to the matters at issue in this complaint, Defendant Ray was acting under color of law and pursuant to authority derived from the State of New Jersey.

8.     This action is brought pursuant to the Ku Klux Klan Act (18 U.S.C. § 1983) insofar as Defendant Ray while acting under color of state law deprived Mr. Birth of his rights under the United States Constitution, to wit, the Fourth and Fourteenth Amendments to the United States Constitution.

9.     Defendants John Does 1-20 are unknown State Trooper(s), individual(s), law enforcement officer(s), business organization(s), government official(s) and/or agency(s) whose conduct and actions caused or contributed to the violation of Mr. Birth's Fourth and Fourteenth Amendment rights as described below.

10.    Specifically, these individuals participated in and at the behest of Defendant Ray but their identities have not been disclosed.

11.    Notwithstanding diligent efforts on behalf of the Plaintiff, the true identity of these defendants is not currently known, but a motion seeking leave to amend the complaint to reflect their identity(s) will be promptly made upon discovery of the same.


### COUNT I: Ku Klux Klan Act (42 U.S.C. § 1983)
### Samuel Birth v. Michele Ray and John Does 1-20
### <u>UNREASONABLE SEARCH AND SEIZURE</u>

12.    Plaintiff Samuel Birth reincorporates all preceding paragraphs.

13.    On the night of November 6, 2020, Defendant Michele Ray and her brother Troopers acted intentionally, willfully and knowingly to violate Mr. Birth's constitutional right

to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

14.     During the evening of November 6, 2020, Plaintiff Birth and several of his friends parked their cars at the John W. Quigley Recreational Area located in Folsom Borough in Atlantic County, New Jersey and were spending time together at a nearby pond or lake.

15.     That same evening, Defendant Ray was working in her official capacity as a law enforcement officer patrolling the area in and around Hamilton Township, New Jersey and elsewhere.

16.     On information and belief, Trooper Ray was the commanding officer and/or the highest ranking officer in the group of Troopers at issue and was accordingly in charge of and directed the other Troopers on scene.

17.     As noted above the identities of these Troopers has not been disclosed to the Plaintiff and the Plaintiff does not know their true identities.

18.     Defendant Ray and her brother Troopers drove into the parking lot of the recreation area, exited their vehicles and began shining flashlights into several parked vehicles including those in which Birth and his companions arrived.

19.     While peering into Mr. Birth's vehicle, Defendant Ray observed the packaging of an electronic cigarette that Mr. Birth's companion purchased at a Wawa convenient store earlier that night.

20.     Upon observing the same, Defendant Ray began to exclaim that she located "plain view CDS"[1] inside of the vehicle.

---

[1] On information and belief, Trooper Ray's use of the phrase "CDS" was a reference to "Controlled Dangerous Substance", the term of art used in New Jersey's Crimes Code for drugs,

21.     This was affirmatively not true insofar as the packaging in question was for a lawfully purchased and possessed item.

22.     Around the same time, Mr. Birth and his companions walked toward the parking lot area and encountered Defendant Ray and her brother Troopers.

23.     Based on the "plain view CDS", Defendant Ray (along with several other New Jersey State Troopers) seized Mr. Birth and his companions.

24.     The Troopers separated and interrogated Mr. Birth and his companions which included questions about the "plain view CDS" and the youths' purpose for being at the recreation area among other topics.

25.     The Troopers searched the youths' and their vehicles.

26.     During the investigation, one of Mr. Birth's companions suffered a panic attack such that emergency medical attention was required.

27.     The Troopers including Defendant Ray subsequently realized that the packing they located was not in fact packaging for a controlled, dangerous substance.

28.     Mr. Birth was instructed to discard this evidence.

29.     Trooper Ray then took Mr. Birth aside and administered field sobriety tests, tests which may be conducted pursuant to official policy of the State of New Jersey and the New Jersey State Police.

30.     Mr. Birth's person, vehicle and other effects were searched by or at the direction of Trooper Ray.

31.     Defendant Ray then placed Mr. Birth under arrest for Driving While Intoxicated (N.J.S. 39:4-50), transported Mr. Birth in custody to a police station and initiated a prosecution

---

narcotics and other illicit or controlled substances. At the time of this investigation, marijuana was not available for recreational use in the State of New Jersey.

against him notwithstanding the fact that he passed a breath test she administered.

32.     At all relevant times, Defendant Ray lacked probable cause to believe that Mr. Birth violated or was violating N.J.S. 39:4-50.

33.     First, Defendant Ray lacked probably cause to believe that Mr. Birth was intoxicated.

34.     In this regard, and after Birth provided evidence that he was not intoxicated, Defendant Ray acted pursuant to official New Jersey State Policies to buttress her alleged belief and purposely disregarded far more reliable evidence that Mr. Birth was not in fact intoxicated.

35.     Second, Defendant Ray also lacked probable cause to believe that Mr. Birth operated or controlled a vehicle while he was intoxicated and indeed never observed Mr. Birth controlling or operating a vehicle at all.

36.     During the course of the investigation, Defendant Ray and/or her fellow law enforcement officers destroyed or caused to be destroyed material evidence to the investigation.

37.     Third, when Mr. Birth was transported to Defendant Ray's Barracks, Defendant Ray administered an Intoxilyzer Breath Test which Mr. Birth passed, i.e., proving that he was not under the influence of alcohol.

38.     After passing the test and in an attempt to prove his innocence, Mr. Birth volunteered a urine sample.

39.     Pursuant to an official policy enacted by the State of New Jersey and/or the New Jersey State Police, Trooper Ray purported to act as a "Drug Recognition Expert."

40.     Under this official policy, Trooper Ray was supposedly trained to be able to detect whether or not an individual is under the influence of a controlled substance as well as the identity of the substance that the individual ingested.

41.     Acting pursuant to this policy, Ray completed a Drug Recognition Expert (DRE) Report, certifying that in light of her training, education and experience, Mr. Birth was under the influence of Marijuana.

42.     She completed arrest paperwork For Mr. Birth and Mr. Birth was formally charged with Driving While Intoxicated.

43.     All of this was in violation of Mr. Birth's rights under the Fourth Amendment to the United States Constitution as made applicable to the States through the Fourteenth Amendment.

44.     Subsequently, Mr. Birth's urinalysis came back negative for both alcohol and controlled substances including marijuana, i.e., conclusively establishing that Trooper Ray's Drug Recognition Expert analysis was dead wrong.

45.     After Mr. Birth was released from custody, he was forced to hire a lawyer to defend against the charge lodged by Trooper Ray.

46.     After several months, the State of New Jersey through its municipal prosecutor subsequently moved to dismiss the charge before the Honorable Michele Verno, Municipal Court Judge for Hamilton Township after informing the judge of the negative chemical tests and stating "I don't know what we're doing here."

47.     Judge Verno granted the State's motion and dismissed the charges.

48.     Insofar as Mr. Birth was seized, searched and arrested by Defendant Ray and her brother Troopers in the absent of a valid warrant, probable cause and/or exigent circumstances, Mr. Birth's rights under the Fourth and Fourteenth Amendment to the United States Constitution were violated.

49.     Defendant Ray's conduct caused Mr. Birth a great deal of anxiety and anguish

while the charges were pending, and Mr. Birth was forced to expend money to obtain the services of an attorney to defend him from the false charges.

50.     Under the Ku Klux Klan Act (Section 1983), Mr. Birth is entitled to monetary relief as a result of the unreasonable search and seizure of his person and effects by the defendant, Trooper Michele Ray.

**WHEREFORE,** for all of the foregoing reasons, Mr. Birth respectfully requests judgment against Defendants Ray and John Does 1-20, along with damages, costs and all other relief deemed appropriate under the law.

**COUNT II:**
**Samuel Birth v. Michele Ray**
**FALSE IMPRISONMENT**

51.     Plaintiff Samuel Birth reincorporates all preceding paragraphs.

52.     This Court has supplementary jurisdiction over the instant state law cause of action.

53.     On the night of November 6, 2020, Defendant Michele Ray unlawfully detained Mr. Birth.

54.     In doing so, Defendant Ray may have acted with malice.

55.     Defendant Ray took affirmative steps to conceal the illegality of her actions on the night in question.

56.     Specifically, she restrained his personal liberty and freedom of movement without legal authority or justification.

57.     Such restraint and detention was accompanied by virtue of her authority as a New Jersey State Trooper.

58.     The restraint in question was against Mr. Birth's will and at no time did he agree

7

to said imprisonment.

59.     Defendant Ray intended to cause the confinement in question.

60.     Although Defendant Ray was a law enforcement enforcer on November 6, 2020, she arrested Mr. Birth in the absence of probable cause to believe that he was violating the law and the arrest in this regard was both illegal and unreasonable under the Fourth Amendment to the United States Constitution.

**WHEREFORE,** for all of the foregoing reasons, Mr. Birth respectfully requests judgment against Defendant Ray, along with damages, costs and all other relief deemed appropriate under the law.

Respectfully submitted,

**FRIEDMAN & LEVIN ASSOCIATES**

By: *_/s/ Jason Javie_*
    JASON JAVIE
    Attorneys for Plaintiff
    523 Cooper Street, Suite 301
    Camden, New Jersey  08102
    (856) 782-1007
    jason.javie@crllaw.com

Date: September 21, 2022